**Joseph KALMUS, t/a Kalmus Realty Company, Appellant,**

**v.**

**Bessie E. LEE, Appellee.**

**No. 2826.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 2, 1961.

Decided Oct. 26, 1961.

Karl G. Feissner, Washington, D. C., for appellant. Donald A. Brown, Washington, D. C., also entered an appearance for appellant.

Mabel D. Haden, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This is a suit by a real estate dealer to recover the replacement value of a refrigerator and a door lock.

The main dispute was factual, arising over a disagreement as to the terms of an oral contract providing that appellee leave a refrigerator in a house she was selling to appellant. He charged that she violated the agreement by leaving a nonoperating refrigerator; she maintained that the agreement was merely to leave a refrigerator, which at the time of negotiation was stored in the basement of the premises, with no understanding that the machine be in good working order. Appellee testified her

only representation concerning the refrigerator's condition was "I told him to the best of my knowledge it was working, and it was to the best of my knowledge working."

■ Appellant attacks certain of the court's oral findings as being without evidentiary support. This is true only of those concerning superfluous matters, additional findings which served to buttress the court's decision. The primary findings, supported by credible testimony, were that appellee agreed to leave a particular refrigerator, stored in the basement, which appellant had ample opportunity to test, and that appellee made no guarantee or other positive representation that it would work. This finding was proper.

■ The trial court made no finding with respect to the lock removed from the back door of the house. Yet, assuming error in the denial of compensation for this item, we would be loath to reverse this judgment and require a new trial for a matter of such minor importance. The maxim, *de minimis non curat lex,* is well suited to this situation.

Affirmed.